T.C. Memo. 2008-120

UNITED STATES TAX COURT

RONALD A. TASH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15662-06.                    Filed April 29, 2008.

<u>Karrick Lee Major</u>, for petitioner.

<u>Julie Jebe</u> and <u>John Comeau</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of

$13,912 and a section 6662(a) penalty of $2,782 in petitioner's

Federal income tax for 2003.[1]  The issues for decision after

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
                                            (continued...)

concessions[2] are: (1) Whether petitioner is entitled to trade or business expense deductions totaling $11,575 for wages, (2) whether petitioner is entitled to trade or business expense deductions totaling $6,604 for legal and professional service expenses, and (3) whether petitioner is liable for a section 6662(a) penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with attached exhibits, are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Illinois.

Petitioner has been a lawyer since 1970. During 2003 petitioner's legal practice focused on residential real estate transactions. He employed Gloria Mason (Ms. Mason) as his secretary.

The only books petitioner kept with respect to his practice during 2003 were a general ledger for his bank account with Northern Trust Bank and a general ledger for his bank account with Bank One. The ledgers did not list any payments for Federal employment taxes. The ledger for petitioner's account with Bank

---

[1](...continued)
are rounded to the nearest dollar.

[2] Respondent concedes that petitioner is entitled to deduct $20,488 of legal and professional service expenses for 2003.

One lists payroll tax payments made to the State of Illinois for 1998, 1999, 2000, and 2001, but not for 2003.

During 2003, petitioner wrote 27 checks totaling $11,575 to Ms. Mason (Mason checks) which were listed on petitioner's Northern Trust Bank ledger under the heading "Payroll Expense."[3] Petitioner also wrote 63 checks to various entities and individuals totaling $26,467 (miscellaneous checks).

Petitioner provided his checks and receipts to Karrick L. Major (Ms. Major) to prepare his Federal income tax return for 2003.  The information petitioner provided to Ms. Major was not complete.  After Ms. Major prepared the return, petitioner reviewed it and signed it.

Petitioner filed his 2003 Federal income tax return on September 24, 2004.[4]  On his Schedule C, Profit or Loss from Business, petitioner claimed deductions for $10,789 of employee benefit plan expenses, $27,093 of legal and professional service expenses, and $19,572 of wages.

---

[3]  Petitioner wrote an additional 26 checks to either Ms. Mason or IL Collection totaling $19,562.  This figure approximates the $19,572 petitioner ultimately claimed as a wage expense deduction on his Schedule C, Profit or Loss from Business.

[4]  Petitioner submitted an Application for Additional Extension of Time to File U.S. Individual Income Tax Return on Aug. 13, 2004.  It appears that respondent granted this extension.

Respondent issued a notice of deficiency on August 7, 2006, disallowing petitioner's deductions for employee benefit plan expenses and legal and professional service expenses because of lack of substantiation. Petitioner filed a timely petition with this Court, and a trial was held on May 22, 2007, in Chicago, Illinois. At trial respondent conceded that petitioner had presented sufficient documentation to substantiate $20,488 of legal and professional service expenses. Petitioner testified that he had never established an employee benefit plan.

On August 27, 2007, we granted petitioner's motion to conform pleading under Rule 41(b) and filed his amended petition. In the amended petition petitioner alleges that the $10,789 employee benefit plan expense deduction on his return evidenced by the 27 Mason checks should have been described as "Employee Salary Expense in the correct amount of $11,575".

OPINION

I.  Burden of Proof

Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rule 142(a). The burden of proof may shift to the Commissioner under section 7491(a) if the taxpayer establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with

the Secretary's reasonable requests.  As discussed below, we find that petitioner has failed to substantiate his claimed expenses and to maintain adequate records.  The burden of proof, therefore, does not shift to respondent under section 7491(a).

II.  Business Expense Deductions

Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business", sec. 1.162-1(a), Income Tax Regs., such as "a reasonable allowance for salaries or other compensation for personal services actually rendered", sec. 1.162-7(a), Income Tax Regs.

The Supreme Court has explained that a cash method taxpayer such as petitioner may deduct an expenditure under section 162(a) if the expenditure is:  (1) An expense, (2) an ordinary expense, (3) a necessary expense, (4) paid during the taxable year, and (5) made to carry on a trade or business.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 85 (1992).  The Supreme Court has stated that a necessary expense is an expense that is appropriate or helpful to the development of the taxpayer's business, see Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Welch v.

Helvering, 290 U.S. 111, 113 (1933), and that an ordinary expense is an expense that is "normal, usual, or customary" in the type of business involved, Deputy v. du Pont, 308 U.S. 488, 495-496 (1940); see also Welch v. Helvering, supra at 113-114.

A.   Wages

Petitioner argues in his amended petition that he is entitled to a business expense deduction of $11,575 for wage expenses as evidenced by the 27 Mason checks.  Respondent contends that petitioner originally characterized these checks as payments for employee benefit plan expenses in order to avoid paying payroll taxes and has failed to prove that the checks were wage payments.  Although, as discussed below, petitioner is unable to satisfy his burden of proving that the 27 Mason checks were payments for wages, the record indicates that these checks were payments for expenses related to petitioner's business.

Petitioner has not demonstrated that the Mason checks constituted ordinary and necessary payments for wages.  At trial both petitioner and Ms. Mason testified that the Mason checks were for wages, rather than employee benefit plan expenses, and should have been added to the amount claimed as a wage expense on petitioner's 2003 return.  However, petitioner provides no documentation to demonstrate that the Mason checks were for ordinary and necessary wage payments.  Ms. Mason was unable to precisely state the amount of her wages in 2003 or for previous

years. The intervals at which petitioner issued checks to Ms.
Mason and the amounts of those checks do not conform to any
particular pattern. For example, five checks totaling $3,300
were issued to Ms. Mason in August 2003, but only one check for
$300 was issued in September 2003. As Ms. Mason testified, the
checks "were for things related to the job that I have, picking
up different items that * * * we need to use in the office", in
addition to her wages.

The testimony and records are inadequate to meet
petitioner's burden to prove that the Mason checks were used to
pay wages. However, the record indicates that petitioner used
the Mason checks to pay for services and items related to his
legal practice.

As a general rule, if the trial record provides sufficient
evidence that the taxpayer has incurred a deductible expense, but
the taxpayer is unable to substantiate adequately the precise
amount of the deduction to which he or she is otherwise entitled,
the Court may estimate the amount of the deductible expense and
allow the deduction to that extent. Cohan v. Commissioner, 39
F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85
T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823,
827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969);
sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014
(Nov. 6, 1985). In these instances, the Court is permitted to

make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra.  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Petitioner's ledger states that the Mason checks constituted a "Payroll Expense", and both petitioner and Ms. Mason testified that the checks were either related to Ms. Mason's employment or for items necessary for petitioner's legal practice.  The sum of the Mason checks, $11,575, is not in dispute.  Therefore, we find that petitioner is entitled to a deduction for business expenses of $11,575.

B.  Legal and Professional Services

Petitioner claims he is entitled to a deduction for legal and professional service expenses of $27,093.  Respondent contends that petitioner has failed to substantiate $6,604 of this deduction.[5]  We agree with respondent.

---

[5] Petitioner's 63 miscellaneous checks total $26,466, $626 less than the $27,093 claimed on his return.  Of the 63 checks, respondent contends that petitioner failed to substantiate 21 of them: check Nos. 2965, 2715, 2729, 2311, 2327, 2328, 2569, 2667, 2668, 2434, 2449, 2504, 2489, 2531, 2854, 2860, 2892, 2895, 2948, 2746, and the counter check.  These 21 contested checks total
(continued...)

Petitioner has presented no documentary evidence establishing an ordinary and necessary business purpose for the miscellaneous checks. Although petitioner testified as to the purpose behind the checks, the testimony was vague and left unclear whether the payments were expenses of petitioner's legal practice. For example, petitioner testified that check No. 2892 was a payment for his cellular telephone bill. The record did not indicate whether petitioner used his cellular telephone for business and/or personal calls. Petitioner has not demonstrated that his checks paid expenses that were "normal, usual, or customary" for a real estate attorney. See Deputy v. du Pont, supra at 495-496.

The record provides no satisfactory basis for estimating petitioner's legal and professional service expenses. Petitioner has failed to adequately substantiate the business purpose behind the 21 miscellaneous checks. Although the checks provide a guide as to the amount of petitioner's expenditures in 2003, the Court cannot guess as to the character of those expenditures when confronted with an inadequate record.[6] Vanicek v. Commissioner, supra. Consequently, we will not apply the Cohan rule to

---

[5](...continued)
$5,978.

[6] Expenses of a cellular telephone must be substantiated pursuant to sec. 274(d). The Court cannot estimate those expenses. Secs. 274(d)(4), 280F(d)(4)(v); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

estimate the amount of petitioner's legal and professional service expenses.

III. Section 6662

Section 6662 imposes an accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  The penalty is equal to 20 percent of any underpayment that constitutes a substantial understatement of income tax.  Sec. 6662(a).  The term "substantial understatement" is defined as the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d).  Petitioner reported tax of $2,115 on his 2003 income tax return, and respondent determined a $13,912 understatement based on a corrected tax of $16,027.  The amount of the understatement for 2003 is more than 10 percent of the tax required to be shown and greater than $5,000.  According to the Court's calculations, this would still be true even after reducing the corrected tax by the $20,488 deduction for business expenses conceded by respondent and the $11,575 deduction for business expenses allowed by the Court under the Cohan rule.[7] Thus, petitioner substantially understated his income tax for

---

[7]  Assuming petitioner is taxed at a 25 percent bracket, the understatement and corrected tax would be reduced by roughly $7,500 (.25 x 30,000), leaving an understatement of roughly $6,500 on a corrected tax of $8,500.

2003, and respondent has met his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The taxpayer bears the burden of proof with regard to those issues. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Although petitioner has not alleged any specific basis for us to reduce the accuracy-related penalty, the record indicates that petitioner relied on a lawyer, Ms. Major, to prepare his 2003 tax return. Reliance on the advice of a tax professional may constitute reasonable cause and good faith if under all the facts and circumstances the reliance is reasonable and in good faith. Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs. To qualify for this exception, a taxpayer must prove by a preponderance of the evidence that: (1) The adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Associates, P.A. v. Commissioner, supra at 98-99.

Petitioner has provided no evidence to establish that Ms. Major is a competent tax professional. Although Ms. Major is

licensed to practice before this Court, the record gives no indication of her expertise in preparing tax returns.

Nor has petitioner demonstrated that he provided Ms. Major with necessary and accurate information. Ms. Major was not called as a witness.[8] Although petitioner testified that he provided Ms. Major with all of his checks and receipts, petitioner's position on his 2003 Federal income tax return is at odds with his ultimate position in his amended petition and indicates that Ms. Major may not have had access to all the information necessary to prepare his return properly.[9]

Petitioner, having failed to show reasonable cause, substantial authority, or other basis for reducing the understatement, is liable for the section 6662 penalty for 2003 as commensurate with respondent's concessions and our holding. See Higbee v. Commissioner, supra at 446.

IV. Conclusion

We find that petitioner has failed to meet his burden of substantiating his legal and professional service expense

---

[8] At trial, Ms. Major presented a document to the Court titled "Consent to Representation" in which petitioner waived any concerns over the conflict of interest that might arise from Ms. Major's being a potential witness. However, she was never called to testify.

[9] For example, petitioner's 2003 Federal income tax return reports $10,789 of employee benefit plan expenses. Petitioner's amended petition changes this figure to $11,575 of "salary expenses".

deductions beyond those respondent already conceded.  Petitioner has also failed to show reasonable cause for his understatement of tax and is thus subject to the section 6662 penalty.  However, under the <u>Cohan</u> rule we find that petitioner is entitled to trade or business expense deductions of $11,575.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.